UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DUSTIN WARNOCK                                                                                    PLAINTIFF

v.                                          No. 4:22-CV-869-LPR

CAPITAL CITY TRAFFIC CONTROL, LLC,
and JAY MUNIZ                                                                                   DEFENDANTS

**DEFENDANTS' PRETRIAL DISCLOSURE SHEET**

The parties have reached a settlement in principle that will resolve all claims in this lawsuit and expect to file their dismissal papers with the Court within the next thirty days and do not expect a trial to be necessary. *See* Joint Notice of Settlement (*Doc. 25*).

However, out of an abundance of caution, pursuant to the Court's Final Scheduling Order, Rule 26(a)(3) of the Federal Rules of Civil Procedure, and Local Rule 26.2, Defendants Capital City Traffic Control, LLC (Capital City) and Jay Muniz (Muniz) disclose the following information:

1. **The identity of the party submitting the information.**

   Capital City and Muniz

2. **The names, addresses, and telephone numbers of all counsel for the party.**

   Brett W. Taylor (Ark. Bar # 2014175)
   CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
   500 President Clinton Avenue, Suite 200 72201
   P.O. Box 3178
   Little Rock, Arkansas 72203
   Email: btaylor@cgwg.com
   Phone: (501) 371-9999

3. **A brief summary of claims and relief sought.**

   The Plaintiff was employed by Capital City as an hourly employee from February 10, 2017 until September 21, 2017. From September 22, 2017 until May 4, 2018, Plaintiff

1

was employed as a salaried employee, when he voluntarily resigned from his position with Capital City. Capital City later employed Plaintiff as an hourly employee from July 8, 2019 to December 3, 2019, when he was laid off due to seasonal downsizing.

Plaintiff alleges that he was misclassified as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, during the time he was employed by Capital City as a salaried employee and, as such, is entitled to overtime wages for workweeks during which he worked in excess of forty hours. Plaintiff alleges an individual claim for violation of the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11–4–201, *et seq.*, based on the same allegations. Plaintiff also claims that he was later terminated in retaliation for filing a wage and hour lawsuit in federal court against Defendants. Plaintiff seeks unpaid overtime wages pursuant to the FLSA and AMWA, liquidated and punitive damages, prejudgment interest, and reasonable attorney fees and costs.

Defendants contend that Plaintiff was properly classified as exempt during the relevant time period and is thus entitled to no back wages or other relief pursuant to the FSLA or AMWA. Defendants deny having knowledge of any lawsuit filed against them at the time Plaintiff was laid off in December 2019 and, accordingly, deny the alleged unlawful retaliation.

**4.     Prospects for settlement.**

The parties have reached a settlement in principle that will resolve all claims in this lawsuit. The parties expect to file their dismissal papers with the Court within the next thirty days. *See* Joint Notice of Settlement (*Doc. 25*).

5. **The basis for jurisdiction and objections to jurisdiction.**

No objections to jurisdiction.

6. **A list of all pending motions.**

None other than the request that all pending deadlines be stayed pending finalization of their settlement. *Doc. 25*.

7. **A concise summary of the facts.**

The Plaintiff was employed by Capital City as an hourly traffic control employee from February 10, 2017 until September 21, 2017. On September 22, 2017, Plaintiff was promoted to the position of Estimator and was paid an annual salary in excess of the then-current statutory threshold until he voluntarily resigned and left that position on May 4, 2018. Plaintiff's claim is for unpaid wages based on alleged misclassification during his training and tenure as an Estimator. The primary duty of an Estimator for Capital City was directly related to the general operations of Capital City's traffic control business. More specifically, Estimators obtain bid invitations from the Arkansas Highway Department and other general contractors. The Estimator reviews the bid for relevant products (traffic control drums and signage) and services (various traffic control labor) that Capital City is willing to provide. The Estimator then estimates the cost of the project for Capital City and prepares a price quote understanding based on the location, scope of work, etc.

Capital City later re-employed Plaintiff as an hourly traffic control employee from July 8, 2019 to December 3, 2019, when he was laid off due to seasonal downsizing. Plaintiff claims that he was laid off by Defendants in retaliation for filing a wage and hour lawsuit against them. Defendants deny having knowledge that Plaintiff had filed a lawsuit against them at the time of the employment decision.

During the time at issue, Capital City classified Plaintiff as exempt from the overtime requirements of the FLSA pursuant to the administrative exemption. Plaintiff claims, and Defendants deny, that Plaintiff worked more than 40 hours in a given week while employed as an Estimator. Plaintiff claims that he was not exempt from the overtime requirements of the FLSA and, as such, was entitled to overtime pay for all hours worked in excess of forty in a workweek while in his salaried position.

8. **All proposed stipulations.**
   a. The Plaintiff was employed by Capital City as an hourly traffic control employee from February 10, 2017 until September 21, 2017.
   b. From September 22, 2017 until May 4, 2018, Plaintiff was promoted to the position of Estimator and was paid an annual salary in excess of the then-current statutory threshold.
   c. Plaintiff submitted his voluntary resignation to Capital City in April 2018 and left his position as Estimator on May 4, 2018.
   d. Plaintiff rejoined Capital City as an hourly-paid traffic control employee from July 8, 2019 until December 3, 2019, when he was laid off due to seasonal downsizing.

9. **The issues of fact expected to be contested.**
   a. Plaintiff's duties and responsibilities as an Estimator and the amount of time Plaintiff spent performing non-exempt work on behalf of Capital City between September 22, 2017 and May 4, 2018.
   b. The number of hours per week that Plaintiff worked for Capital City while classified as an exempt salaried employee.
   c. The accuracy of Capital City's time records.

   d. Whether Defendants were aware of Plaintiff's initial wage and hour lawsuit against them when Plaintiff was laid off in December 2019.

10. **The issues of law expected to be contested.**

   a. Whether Plaintiff was properly classified as an exempt employee between September 22, 2017 and May 4, 2018.

   b. Whether Plaintiff is able to establish any damages to which Defendants are liable, if applicable.

   c. Whether Defendants terminated Plaintiff's employment in December 2019 in retaliation for filing a wage and hour lawsuit against Defendants.

   d. Whether Defendants are entitled to a good faith defense against liquidated damages pursuant to the FLSA and AMWA, if applicable.

11. **A list and description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries and similar objects which may be used in opening statement, closing argument or any other part of the trial other than solely for impeachment purposes, whether or not they will be offered into evidence.**

   a. Plaintiff's pay records and personnel file;

   b. Documents produced and/or listed by any party in their Initial or Pretrial Disclosures, or exchanged in discovery; and/or

   c. Documents relating to Plaintiff's alleged damages.

12. **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call.**

   a. Defendants expect to call the following witnesses at trial who, other than where mentioned, may be reached through counsel for Plaintiff or Defendants:

      i.   Jay Muniz; and

      ii.  Dustin Warnock.

   b. Defendants *may* call the following witnesses at trial:

5

      i.      Jacob Farewell, 127 Calais Drive, Morrilton, AR  72113, 501-508-9689;

      ii.      Justin Farewell, 207 Plantation, Mayflower, AR  72016, 501-563-2720;

      iii.      Matt Nutt, 716 Winedot Rd., Malvern, AR;

      iv.      Jessie Beard, 21410 Crabapple Drive, Hensley, AR 72065, 870-941-0146;

      v.      All witnesses listed by either party in their Rule 26(a)(1) or (a)(3) disclosures, their discovery, or otherwise disclosed by either party at any time;

      vi.      Any other witnesses needed for document authentication and foundation purposes, or for impeachment;

      vii.      All other witnesses whose relevance becomes apparent during the trial;

      viii.      All individuals listed in documents produced or obtained by either party;

      ix.      All individuals mentioned in any pleading.

**13.** **The current status of discovery. A precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery has been completed.

**14.** **An estimate of the length of trial and suggestions for expediting disposition of the action.**

The parties have reached a settlement in principle that will resolve all claims in this lawsuit and expect to file their dismissal papers with the Court within the next thirty days and do not expect a trial to be necessary. *See* Joint Notice of Settlement (*Doc. 25*). If the case required a trial, Defendants would estimate it taking no more than one full day.

        Respectfully submitted,

        Brett W. Taylor, ABA #2014175
        **Cross, Gunter, Witherspoon & Galchus, P.C.**
        500 President Clinton Avenue, Suite 200
        Little Rock, Arkansas 72201
        Phone: (501) 371-9999 / Fax: (501) 371-0035
        Email: btaylor@cgwg.com

        **ATTORNEYS FOR DEFENDANTS**